UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CURTIS, | No. 2:16-cv-798-EFB P[1] |
| Petitioner, | |
| v. | ORDER |
| R. DAVIS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] He asserts that he is eligible for resentencing under California Penal Code section 1170.126, which amended California's Three Strikes Law in 2012. He challenges the state courts' determination that he is ineligible for resentencing on his 1995 conviction for possession of a firearm by a felon. Specifically, he claims that there was insufficient evidence for the state courts to conclude that he was "armed" and that he was denied effective assistance of counsel on his appeal from the trial court's order denying his request for resentencing.

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] He also seeks leave to proceed in forma pauperis. The application for leave to proceed in forma paupers is granted.

1    Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct
2 a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  The court
3 must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to
4 relief . . . ."  The court has conducted the review required under Rule 4 and concludes that
5 summary dismissal of the petition is required.

6    "[A] federal court is limited to deciding whether a conviction violated the Constitution,
7 laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Habeas
8 corpus relief is unavailable for alleged errors in the interpretation or application of state
9 sentencing laws by either a state trial court or appellate court.  "State courts are the ultimate
10 expositors of state law," and a federal habeas court is bound by the state's construction except
11 when it appears that its interpretation is an obvious subterfuge to evade the consideration of a
12 federal issue. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  So long as a state sentence "is not
13 based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically
14 motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of
15 state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976).  *See also Bueno*
16 *v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) (per curiam) ("[S]entence enhancement on the basis
17 of prior convictions . . . does not violate the Constitution.").

18    Here, the issue presented in the petition is whether the state courts properly determined
19 under California law that petitioner is ineligible for resentencing under § 1170.126.   This claim
20 lies outside this court's jurisdiction, as federal habeas corpus relief is unavailable to correct
21 violations of state law. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *Swarthout v.*
22 *Cooke*, 562 U.S. 216, 219 (2011).  Accordingly, the petition for a writ of habeas corpus must be
23 summarily dismissed. *See Garateix v. Rackley*, No. SACV 15-0795-FMO (JEM), 2015 U.S. Dist.
24 LEXIS 70034 (C.D. Cal. May 28, 2015) (summarily dismissing petition challenging state court's
25 denial of resentencing as not cognizable in federal habeas review).

26    In accordance with the above, IT IS HEREBY ORDERED that:
27    1.  Petitioner's application for leave to proceed in forma pauperis (ECF No. 7) is granted.
28    2.  Petitioner's application for writ of habeas corpus is summarily dismissed.

    3. The Clerk is directed to close the case.

    4. The court declines to issue a certificate of appealability.

DATED: June 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE